IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charles Krik,<br><br>                Plaintiff,<br>v.<br><br>BP America, Inc, et al.,<br><br>                Defendants. | Cause No. 01 MDL 875<br><br>Case No.  11-CV-63473<br>Case No.  08-CV-91296<br>Consolidated<br><br>*Trans. from IL-ND Case No. 10-07435* |

<u>PLAINTIFF'S MOTION FOR LEAVE TO ADD
REBUTTAL EXPERT WITNESS</u>

Pursuant to court order, plaintiff Charles Krik moves for leave to add R. Bruce Woodruff, a marine expert witness to respond to affirmative defenses raised by Crane Company and Westinghouse. In support of this motion, plaintiff states as follows:

1. Pursuant to the court's scheduling order for the "top ten" cases, plaintiff filed his expert witness reports on October 19, 2011.

2. Under the scheduling order, defendants were to have filed their expert reports by November 9, 2011, however, at the request of defendants, this court extended this deadline to January 6, 2012.

3. Summary judgment motions were filed on January 6, 2012, the same date expert defense reports were filed. Two defendants, Crane Company and Westinghouse, appended affidavits from naval experts to their motions for summary judgment, asserting the "government contractor" defense as an affirmative defense.

4. Plaintiff seeks leave to add an naval expert, R. Bruce Woodruff, to rebut the anticipated testimony of Crane Company and Westinghouse's naval experts. Plaintiff did not

incur the significant expense of retaining a naval expert without first knowing whether the "government contractor" defense would be asserted.

5. Rule 26a disclosures regarding Mr. Woodruff are attached as Exhibit A.

6. Per the attached Rule 26a disclosures, Mr. Woodruff has prepared a detailed case-specific report with respect to Crane Company, which was disclosed to Crane Company on February 10, 2012 in response to Crane Company's Motion for Summary Judgment. Mr. Woodruff has not been able to complete a case-specific report as to Westinghouse due to the fact that deposition of Westinghouse's designated corporate fact witness, Mr. Jim Duncan, has been repeatedly adjourned at the request of Westinghouse. This matter is the subject of a special scheduling order, attached as Exhibit B. Mr. Woodruff will prepare his final, Westinghouse case-specific report upon completion of Mr. Duncan's deposition.

6. This court has wide discretion to permit a party to add a witness, and may consider the fact that there would be no prejudice to the opposing party. *Hansen v. Umtech Industrieservice Und Spedition*, U.S. Dist. LEXIS 19216 (3d Cir. 1996). The exclusion of expert rebuttal testimony is unwarranted where permitting appropriate discovery by the defendants would eliminate any possibility of prejudice. *Manville Sales Corp. v. Paramount Systems, Inc.*, 1988 U.S. Dist. LEXIS 12891 (E.D. Pa. 1988).

## Relief Requested

Plaintiff requests that this court enter its order granting leave for plaintiff to add Bruce Woodruff as an expert witness.

Respectfully submitted,


By: /Michael P. Cascino/
One of Plaintiff's Attorneys
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)

Dated: February 21, 2012