IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charles Krik,<br><br>        Plaintiff,<br>v.<br><br>BP America, Inc, et al.,<br><br>        Defendants. | Cause No. 01 MDL 875<br><br>Case No. 11-CV-63473<br>Case No. 08-CV-91296<br>Consolidated<br><br>*Trans. from IL-ND Case No. 10-07435* |

PLAINTIFF'S CORRECTED MOTION FOR LEAVE TO ADD
REBUTTAL EXPERT WITNESS

Pursuant to court order, plaintiff Charles Krik moves for leave to add R. Bruce Woodruff, a marine expert, as a witness to respond to affirmative defenses and testimony presented by Crane Company and Westinghouse in summary judgment motions. In support of this motion, plaintiff states as follows:

1. Pursuant to the court's scheduling order for the "top ten" cases, plaintiff filed his expert witness reports on October 19, 2011.

2. Under the scheduling order, defendants were to have filed their expert reports by November 9, 2011, however, at the request of defendants, this court extended this deadline to January 6, 2012.

3. Summary judgment motions were filed on January 6, 2012, the same date expert defense reports were filed. Two defendants, Crane Company and Westinghouse, appended affidavits from naval experts to their motions for summary judgment, asserting the "government contractor" defense as an affirmative defense.

4. Upon receipt of the Crane and Westinghouse summary judgment motions, plaintiff

advised the parties and Magistrate Judge Strawbridge of the need for a rebuttal witness on the Navy defenses. Judge Strawbridge entered an order dated February 1, 2012 reflecting plaintiff's request and directing preparation of this motion. (Exhibit B)

5. Plaintiff seeks leave to add an naval expert, R. Bruce Woodruff, to rebut the testimony of Crane Company and Westinghouse's naval experts. Plaintiff did not incur the $3,500.00 retainer fee for Mr. Woodruff as a naval expert without first knowing whether the "government contractor" defense would be asserted and the details of the defense expert testimony which needed to be addressed in plaintiff's reports.

6. Rule 26a disclosures regarding Mr. Woodruff are attached as Exhibit A.

7. Mr. Woodruff has prepared a case-specific report with respect to Crane Company, which was disclosed to Crane Company on February 10, 2012 as an attachment to the response to Crane Company's Motion for Summary Judgment. The report concerning Crane is submitted as part of Mr. Woodruff's attached Rule 26a disclosure.

8. Mr. Woodruff has not been able to complete a case-specific report as to Westinghouse because deposition of Westinghouse's designated corporate 30(b)(6) marine turbine witness, Mr. Jim Duncan, has been repeatedly continued and rescheduled at the request of Westinghouse due to Mr. Duncan's health. Mr. Duncan's deposition is the subject of a special scheduling order, attached as Exhibit B.

9. The deposition of Mr. Duncan was originally to have gone forward on February 8, 2012 and Mr. Woodruff's report would have been prepared and submitted 13 days later with this motion based upon the court order. The deposition has not occurred yet, and has not been rescheduled by Westinghouse, so plaintiff cannot complete Mr. Woodruff's report at the time of this motion. Mr. Woodruff will prepare his final, Westinghouse case-specific report as was

originally contemplated within 13 days after completion of Mr. Duncan's deposition.

10. This court has wide discretion to permit a party to add a witness, and may consider the fact that there would be no prejudice to the opposing party. *Hansen v. Umtech Industrieservice Und Spedition,* U.S. Dist. LEXIS 19216 (3d Cir. 1996). The exclusion of expert rebuttal testimony is unwarranted where permitting appropriate discovery by the defendants would eliminate any possibility of prejudice. *Manville Sales Corp. v. Paramount Systems, Inc.,* 1988 U.S. Dist. LEXIS 12891 (E.D. Pa. 1988).

## Relief Requested

Plaintiff requests that this court enter its order granting leave for plaintiff to add Bruce Woodruff as an expert witness, for leave to file the expert report for Crane Company, and leave to file the expert report of Mr. Woodruff as to Westinghouse within 14 days of the completion of the deposition of Westinghouses maritime turbine expert.

Respectfully submitted,

By: /Michael P. Cascino/
One of Plaintiff's Attorneys
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)

Dated: February 21, 2012