IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : | CONSOLIDATED UNDER MDL 875 |
| | : | |
| KRIK | : | Cascino Vaughan Law Offices "Top Ten" case |
| v. | : | |
| BP AMERICA, INC., et al. | : | Case No. 11-63473 |

FILED
MAR - 9 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### O R D E R

**AND NOW**, this **8th** day of **March, 2012**, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Add Rebuttal Expert Witness Bruce Woodruff (doc. no. 271) is **GRANTED**.

It is further **ORDERED** that Plaintiff shall have thirty (30) days from receipt of this Order in which to produce Mr. Woodruff's Expert Reports and to respond to Defendants' Motions for Summary Judgment.

It is further **ORDERED** that, to the extent that the deposition of Mr. Jim Duncan is necessary in order to prepare Plaintiff's expert report, Defendant Westinghouse shall produce Mr. Duncan, or, to the extent he is unable to attend because of illness, shall produce a substituted corporate designee, and shall make either available within twenty (20) days of receipt of

1

this Order.[1]

                        **AND IT IS SO ORDERED.**

                                       /s/ Eduardo C. Robreno
                                       EDUARDO C. ROBRENO, J.

---

[1] Plaintiffs have shown good cause for extending the discovery and response deadlines, given that Defendants' expert reports, due to an extension in the scheduling order, were produced on the same date that Defendant's motions for summary judgment were due. See Meyers v. Pennypack Woods Home Ownership Assn., 559 F.2d 894, 904 (3d Cir. 1977) (district court abused its discretion when it excluded expert testimony that had not been listed in pretrial memoranda; court of appeals considered the following factors: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.")