UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | } } } } } } } | MDL DOCKET NO. MDL 875 |
| THIS DOCUMENT RELATES TO: | } | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES KRIK,** | } } | E.D. Pa. No. 2:11-cv-63473 |
| **Plaintiff,** | } } | |
| v. | } } } | Transferor District Court: Northern District of Illinois Case No. 10-07435 |
| **BP AMOCO CHEMICAL COMPANY, et al.,** | } } } | |
| **Defendants.** | } | |

### CRANE CO.'S RESPONSE TO PLAINTIFF'S MOTION REQUESTING A RULING ON CRANE CO.'S MOTION FOR RECONSIDERATION

Plaintiff requests the Court to deny Crane Co.'s motion for reconsideration, but he fails to provide any reason for the Court to do so. To the contrary, the Court should grant Crane Co.'s motion for reconsideration for all the reasons discussed in that motion; reasons that Plaintiff has not, and cannot, rebut. *See* Motion for Reconsideration (doc. no. 331). Put simply, the Court's conclusion, in its Order denying summary judgment, that Mr. Krik may have been discussing the same product when testifying about "Crane gaskets" at his deposition and "Cranite gaskets" in his affidavit is not supported by the record evidence and, to date, Plaintiff has never made this contention. *See* May 15, 2012 Order at 10 (doc. no. 325). Indeed, Plaintiff admits that the testimony regarding Cranite gaskets in his affidavit is new testimony, and the record evidence

demonstrates that the affidavit contradicts Mr. Krik's deposition testimony. *See* Motion for Reconsideration. Because the Order was based on an error of fact, Crane Co.'s motion for reconsideration should be granted.

In the alternative, Crane Co. requested that the Court permit it to depose Mr. Krik regarding the statements in his affidavit. *Id.* Plaintiff recognizes that this new testimony entitles Crane Co. to depose Mr. Krik, but Plaintiff contends that Crane Co. should not be given an opportunity to move for summary judgment after that deposition. However:

- The Krik Affidavit was produced to Crane Co. for the first time in response to Crane Co.'s motion for summary judgment;

- Plaintiff admits that the testimony in the Krik Affidavit is new testimony;

- Crane Co. was not given an opportunity to depose Mr. Krik on the statements made in the affidavit prior to filing its motion for summary judgment; and

- Plaintiff points only to the passing of the dispositive motion deadline in support of his argument that Crane Co. should not be permitted to re-file its motion for summary judgment, but it was Plaintiff, not Crane Co., that produced new evidence not only after the close of discovery, but after the dispositive motions deadline.[1]

Accordingly, if the Court denies Crane Co.'s motion for reconsideration, then Crane Co. should be permitted to re-file its motion for summary judgment after it has had an opportunity to depose Mr. Krik regarding the statements made in his affidavit.

---

[1] The fact that Mr. Krik was already deposed over two days in this case is irrelevant. *See* Plaintiff's Motion at ¶ 5. At his deposition, Mr. Krik was asked about all of the Crane Co. products he worked with, but he did not identify Cranite, and he was also asked about all of the gaskets he worked with throughout his career, including the manufacturer or supplier of such gaskets, but again, he did not identify Cranite.

Dated:  December 5, 2012

Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J.Zukowski
Michael J. Zukowski (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500

Attorneys for Defendant Crane Co.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of Defendant Crane Co.'s Response to Plaintiff's Motion Requesting a Ruling On Crane Co.'s Motion for Reconsideration was served on plaintiff's counsel and all counsel of record on December 5, 2012 and is available for viewing and downloading from the Court's ECF system.

                                        /s/ Michael J. Zukowski
                                        Attorney for Defendant Crane Co.